**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROLAND BRACKENS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-3458-L** |
| | § | |
| **OCWEN LOAN SERVICING, LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Dismiss Plaintiff's Verified Original Petition (Doc. 5), filed September 3, 2013. After careful consideration of the motion, pleadings, record, and applicable law, the court **grants in part** and **denies in part** Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's Verified Original Petition. Further, the court **denies** Plaintiff's Application for Temporary Restraining Order and Temporary Injunction.[1] The court, however, will give Plaintiff an opportunity to provide the necessary information.

## I.   Factual and Procedural Background

### A.   Procedural Background

On July 25, 2013, Plaintiff Roland Brackens ("Plaintiff")[2] filed his Verified Original Petition ("Petition") against Wells Fargo Bank N.A. ("Wells Fargo")[3] and Ocwen Loan Servicing, LLC

---

[1] Plaintiff also seeks a permanent injunction; however, a ruling on Plaintiff's Application for Permanent Injunction is premature at this time.

[2] Plaintiff is pro se in this matter.

[3] On July 23, 2014, Plaintiff's action against Wells Fargo was dismissed with prejudice.

**Memorandum Opinion and Order - Page 1**

("Ocwen") in the 191st Judicial District Court of Dallas County, Texas. Plaintiff alleged a breach of contract claim, a Real Estate Settlement Procedures Act ("RESPA") claim, and a wrongful foreclosure claim. Plaintiff seeks (1) damages; (2) a temporary injunction enjoining and restraining Defendant from foreclosing, evicting, or removing her from her home; and (3) a permanent injunction. On August 27, 2013, Defendant removed this case based on complete diversity and the amount in controversy exceeding $75,000, exclusive of court costs and interest. On September 3, 2013, Ocwen filed its Motion to Dismiss Plaintiff's Verified Original Petition (Doc. 5).

B.     **Factual Background**

Plaintiff alleges that on November 23, 2011, Defendant offered him a Loan Modification Agreement ("LMA"), which modified the terms of his existing home loan obligations including terms in the underlying Deed of Trust and the Promissory Note. Plaintiff contends that the LMA reflected a new principal balance of $155,172.45, and that, "upon the execution of the LMA by Plaintiff, the Promissory Note [would] become 'contractually current.'" Pet. ¶ 11. Plaintiff also argues that the LMA called for him to make an initial payment of $791.23 before January 1, 2012. According to Plaintiff, the LMA also states that "upon execution of the LMA and tender of the initial payment, beginning on February 2, 2013, Plaintiff will be obligated to commence making monthly payments of $584.44, which included principle [sic] and interest . . . ."[4] *Id.* ¶ 13. Plaintiff contends that on December 2, 2011, he executed the LMA, tendered it to Defendant, and paid the amount of $791.23. He also contends that starting on January 31, 2012, through January 6, 2013, he made twelve payments averaging $1,070.17. Plaintiff argues that on February 18, 2013, Defendant sent

---

[4] The court reviewed the Loan Modification Agreement, which Plaintiff attached to his Petition, and the correct beginning date is February 1, 2012.

**Memorandum Opinion and Order - Page 2**

Plaintiff an Account Statement reflecting a total balance of $2,851.84, which indicated a new monthly mortgage payment of $1,396.70. Plaintiff contends that Defendant did not provide him with any prior notice or explanation of the changes in the notices.

Plaintiff also contends that he sent Defendant a "Qualified Written Request Letter" on March 13, 2013, requesting a clarification regarding the increase in monthly payments. Plaintiff contends that Defendant never responded to this request. Finally, Plaintiff contends that on July 2, 2013, Defendant foreclosed on his home.

## II.      Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.    Analysis

#### A.    Plaintiff's Breach of Contract Claim

Defendant contends that Plaintiff failed to state a plausible breach of contract claim. The court disagrees. When reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), the court must determine whether the plaintiff has pleaded enough facts to state a claim to relief that is plausible on its face. Accepting all of Plaintiff's facts as true, the court determines that Plaintiff's Petition states a valid, legally cognizable breach of contract claim. Accordingly, the court **denies** Defendant's Motion to Dismiss as to Plaintiff's breach of contract claim.

#### B.    Plaintiff's Wrongful Foreclosure Claim

Defendant contends that Plaintiff fails to state a claim for wrongful foreclosure. Defendant notes that Plaintiff does not set forth wrongful foreclosure as a separate cause of action; however, Plaintiff's language seems to implicate such a claim. Defendant argues that Plaintiff alleges no facts

supporting any of the elements to state a claim for wrongful foreclosure. Defendant also contends that recovery for wrongful foreclosure is premised on Plaintiff's lack of possession of the property at issue. Defendant argues that Plaintiff currently resides in the subject property.[5] In his response to Defendant's Motion to Dismiss, Plaintiff states that he "may well have not fully completed all aspects of the pleadings consistent with making a persuasive case on [the issue of wrongful foreclosure], despite [his] best personal efforts and earnest intentions under these very trying circumstances." Pl.'s Resp. and Br. in Supp. to Def.'s Mot. to Dismiss Pl.'s Pet. ("Pl.'s Resp.") 10. The court determines that Plaintiff has not pleaded enough facts to state a wrongful foreclosure claim that is plausible on its face. In a conclusory manner, Plaintiff only states that Defendant wrongfully foreclosed on his home on July 2, 2013. The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App. Corpus Christi 2009, no pet.). Plaintiff has failed to provide any facts relating to these three elements. Accordingly, the court **grants** Defendant's Motion to Dismiss as it relates to Plaintiff's wrongful foreclosure claim; **however, the court will give Plaintiff the opportunity to file an amended pleading by August 15, 2014**.

    C.    **Plaintiff's RESPA Claim**

Defendant contends that Plaintiff fails to state a claim under RESPA. Plaintiff contends that Defendant failed to timely and properly response to a Qualified Written Request ("QWR"). Defendant responds that under RESPA, servicers only have a duty to respond to QWRs for

---

[5] The court notes that in his Petition, Plaintiff states that he currently resides at 401 Deer Creek Dr., DeSoto, Texas 75115, the property at issue. This Petition, however, was filed in July 2013, and the court is uncertain whether Plaintiff still resides at the 401 Deer Creek property.

**Memorandum Opinion and Order - Page 6**

information relating to the servicing of the loan.  Defendant also argues that the borrower must identify the claimed error or provide a statement of reasons for why the borrower believes there is a problem with the servicing or account.  The court determines that Plaintiff's QWR did relate to the servicing of the loan and that Plaintiff did identify the claimed error.  The problem identified by Defendant, however, is that Plaintiff did not assert actual damages that he suffered as a result of Defendant's failure to respond to the QWR.  Plaintiff states that he "primarily agree[s] with Defendant's general propositions set forth in this section regarding RESPA, excepting, of course, Defendant's conclusion." Pl.'s Resp. 10.  While the court could assume that the damages caused by Defendant's failure to respond are connected with the damages caused by Defendant's alleged breach of contract and wrongful foreclosure, Plaintiff must clearly state these damages without requiring the court to make an inference.  Accordingly, the court **grants** Defendant's Motion to Dismiss as it relates to Plaintiff's RESPA claim; **however, the court will give Plaintiff the opportunity to file an amended pleading by August 15, 2014.**

      D.     **Plaintiff's Application for Injunctive Relief**

Defendant contends that since Plaintiff fails to state a claim for relief under any cause of action, his request for injunctive relief enjoining it from pursuing eviction or sale of the property at issue should be denied; however, as the court previously determined, Plaintiff did state a valid breach of contract claim.  Further, Plaintiff will have an opportunity to file an amended pleading and supplement its wrongful foreclosure and RESPA claims.

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order.  A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits;[6] (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction. At this time, the court determines that Plaintiff has neither sufficiently briefed nor provided proof to the court on the requisite elements for a temporary restraining order or a preliminary injunction. Accordingly, the court **denies** Plaintiff's Application for Temporary Restraining Order and Temporary Injunction; **however, the court will give Plaintiff the opportunity to file an amended pleading addressing the issues previously mentioned by August 15, 2014**.

Further, the elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531,

---

[6] For example, to prevail on this element, Plaintiff must show the court that he paid Defendant all payments due for taxes and insurance in addition to the payments of principal and interest each month. Plaintiff also must to demonstrate that the amount requested by Defendant in February 2013 was greater than the sum due for taxes, insurance, principal, and interest. Further, Plaintiff must explain why he failed to make even a minimal payment after January 2013.

**Memorandum Opinion and Order - Page 8**

546 n.12 (1987). Therefore, a ruling on Plaintiff's Application for Permanent Injunction is premature at this time.

## IV. Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion to Dismiss as to Plaintiff's breach of contract claim.  Further, the court **grants** Defendant's Motion to Dismiss as to Plaintiff's wrongful foreclosure and RESPA claims and **denies** Plaintiff's Application for Temporary Restraining Order and Temporary Injunction; however, Plaintiff has until **August 15, 2014** to file an amended pleading that addresses the issues that the court previously discussed.  Further, a ruling on Plaintiff's Application for Permanent Injunction is premature at this time.

**It is so ordered** this 28th day of July, 2014.

Sam A. Lindsay
United States District Judge