**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROLAND BRACKENS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-3458-L** |
| | § | |
| **OCWEN LOAN SERVICING, LLC,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's
Amended Petition (Doc. 28), filed September 24, 2014.  No response was filed.  After careful
consideration of the motion, pleadings, record, prior court ruling in this civil action, and applicable
law, the court **grants** Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's Amended
Petition.

**I.      Background Facts and Procedural History**

The court has addressed this lawsuit extensively in a prior opinion and need not repeat the
background facts and procedural history in detail.  *See Brackens v. Ocwen Loan Servicing, LLC*,
2014 WL 3715214 (N.D. Tex. July 28, 2014) (Lindsay, J.) ("*Brackens I*").  In brief, *pro se* Plaintiff
Roland Brackens ("Plaintiff") filed this civil action in state court on July 25, 2013, against Ocwen
Loan Servicing, LLC ("Defendant"), alleging breach of contract, wrongful foreclosure, and
violations of the Real Estate Settlement Procedures Act ("RESPA").  Plaintiff's allegations arise in
connection with a Loan Modification Agreement ("LMA") provided by Defendant, which allegedly
modified the terms of his existing home loan obligations including terms of the underlying Deed of

Trust and promissory note, resulted in Defendant overcharging him each month, and ultimately led to foreclosure on his home.  Alleging that Defendant breached the LMA and failed to timely respond under RESPA to his Qualified Written Request ("QWR") seeking information regarding servicing of the loan, Plaintiff sought (1) damages; (2) a temporary injunction enjoining and restraining Defendant from foreclosing, evicting, or removing him from his home; and (3) a permanent injunction.  Following removal to this court, Defendant filed a motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On July 28, 2014, the court issued an order granting in part and denying in part Defendant's motion to dismiss.  Specifically, the court denied Defendant's motion to dismiss the breach of contract claim, granted Defendant's motion to dismiss Plaintiff's RESPA and wrongful foreclosure claims, and denied Plaintiff's application for a temporary restraining order and preliminary injunctive relief.  *See Brackens I*, 2014 WL 3715214, at *5.  The court granted Plaintiff leave to amend his pleadings to potentially cure the deficiencies raised by the court with respect to his RESPA and wrongful foreclosure claims, as well as his request for injunctive relief.  *See id.*  Plaintiff filed his First Amended Petition ("Amended Complaint") on September 10, 2014.  (Doc. 27).  On September 24, 2014, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 28).  Plaintiff did not file a response to the motion.

## II.    Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d

429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

### III. Analysis

As an initial matter, Plaintiff has exceeded the scope of the court's July 28, 2014 order allowing him an opportunity to cure those deficiencies noted by the court in granting Defendant's motion to dismiss Plaintiff's RESPA and wrongful foreclosure claim. *See Brackens I*, 2014 WL 3715214, at *5. Plaintiff has now added causes of action for violations of the Texas Debt Collection Act and the Texas Property Code. *See* Pl.'s Am. Compl. (Doc. 27). As these new claims exceed the scope of the court's prior order, the court *sua sponte* **strikes** these causes of action from the Amended Complaint, and now turns to Defendant's motion to dismiss the remaining claims in the Amended Complaint.[1]

#### A. The Breach of Contract Claim

In its July 28, 2014 ruling, the court denied Defendant's motion to dismiss Plaintiff's breach of contract claim. *See Brackens I*, 2014 WL 3715214, at *3. In its current motion, Defendant raises a new argument in support of its motion to dismiss. Specifically, Defendant argues that "Plaintiff's breach of contract claim is barred by the statute of frauds." Def.'s Mot. to Dismiss 5. The court agrees.

The Texas statute of frauds provides that a loan agreement that exceeds $50,000 in value is not enforceable unless it "is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02(b). A "loan agreement" includes any agreement or promise when a financial institutions "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make

---

[1] Even were the court to consider the newly asserted causes of action for violations of the Texas Debt Collection Act and the Texas Property Code as part of the pleadings, for the reasons argued by Defendant in its motion to dismiss, these claims would be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. to Dismiss 5-8.

**Memorandum Opinion and Order - Page 5**

a financial accommodation." *Id.* § 26.02(a)(2).   Thus, "[a]n agreement to modify a loan . . . is subject to the statute of frauds." *Miller v. Citimortgage, Inc.*, 970 F. Supp. 2d 568, 581 (N.D. Tex. 2013) (Lindsay, J.).   In this case, based on the face of the pleadings, the court finds that the LMA falls within the scope of section 26.02.  Tex. Bus. & Com. Code § 26.02(a)(2), (b).[2]  Thus, if the LMA is to be enforced, it must either be in writing and signed by Defendant, or an exception to the statute of frauds must apply.  The LMA is not signed by Defendant, the party to be bound, and therefore does not comply with the statute of frauds.[3]  *See* Tex. Bus. & Com. Code § 26.02(b). Further, because Plaintiff has not responded to the motion to dismiss, no argument is before the court concerning any exception to the statute of frauds. In short, Plaintiff's breach of contract claim fails as a matter of law.   Accordingly, the court will dismiss the breach of contract claim in the Amended Complaint.

      **B.**      **Wrongful Foreclosure Claim**

In its July 28, 2014 decision, the court granted Defendant's motion to dismiss Plaintiff's wrongful foreclosure claim, stating:

> In a conclusory manner, Plaintiff only states that Defendant wrongfully foreclosed on his home on July 2, 2013.  The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price;

---

[2] The LMA must comply with the statute of frauds because it is an agreement modifying a loan amount that exceeds $50,000.  *See* Tex. Bus. & Com. Code § 26.02(a)(2), (b).  Plaintiff alleges that the LMA "provided for the underlying Mortgage and corresponding Promissory Note to reflect a new principal balance of $155,172.45[.]" Pl.'s Am. Compl. ¶ 8 (Doc. 27).  In the amended complaint, Plaintiff does not allege that at any time relevant to his claim, the principal on the loan was less that $50,000.  *See* Pl.'s Am. Compl. (Doc. 27).

[3] Although Plaintiff attached a copy of the LMA to his original pleading, he did not attach it to his amended pleading.  A copy of the LMA is attached to Defendant's Motion to Dismiss as Exhibit 1.  Because the LMA is central to Plaintiff's Amended Complaint and referred to in the Amended Complaint, and is also attached to Defendant's motion to dismiss as an exhibit, it is properly before the court at the motion to dismiss stage.  *See Collins*, 224 F.3d at 498-99. Further, the court may take judicial notice of the LMA, as it is not subject to dispute and its accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b)(2); *see generally United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("In deciding a motion to dismiss the court may consider . . . matters of which judicial notice may be taken.") (citation omitted).

and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App.–Corpus Christi 2009, no pet.). Plaintiff has failed to provide any facts relating to these three elements. Accordingly, the court **grants** Defendant's Motion to Dismiss as it relates to Plaintiff's wrongful foreclosure claim; **however, the court will give Plaintiff the opportunity to file an amended pleading by August 15, 2014**.

*Brackens I*, 2014 WL 3715214, at *3 (original emphasis). In support of dismissal of Plaintiff's amended wrongful foreclosure claim, Defendant argues that Plaintiff has failed to plead facts supporting the requisite three elements of a wrongful foreclosure claim. Def.'s Mot. to Dismiss 8. Additionally, Defendant argues that Plaintiff has no wrongful foreclosure claim because he "currently resides in the subject property." *Id.*

First, the court notes that Plaintiff has failed to respond to Defendant's contentions. Because Plaintiff failed to address Defendant's arguments in a response, he has abandoned his wrongful foreclosure claim. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim may be considered abandoned where a plaintiff fails to defend it in response to a motion to dismiss). Accordingly, the wrongful foreclosure claim is no longer before the court. Even assuming Plaintiff had not abandoned this claim, he has failed to cure the deficiencies noted by the court in *Brackens I*, and his wrongful foreclosure claim therefore fails as a matter of law.

In addition to his failure to provide sufficient allegations supporting the elements of a wrongful foreclosure claim, Plaintiff states in his amended complaint that he resides at the subject property, 401 Deer Creek, DeSoto, Texas 75115. Pl.'s Am. Compl. ¶ 1 (Doc. 27). As Defendant correctly notes, recovery for wrongful foreclosure is premised upon one's lack of possession of the subject property. *See Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (Boyle, J.) ("Because recovery [for wrongful foreclosure] is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot

**Memorandum Opinion and Order - Page 7**

recover on a theory of wrongful foreclosure.") (citation omitted).  As the court has no response from Plaintiff refuting that he lives in the subject property, and given his current pleadings, the court can only conclude that Plaintiff still resides on the subject property.

In short, as Plaintiff has failed to cure the deficiencies previously noted by the court in *Brackens I*, and for the reasons argued by Defendant, the court grants Defendant's motion to dismiss Plaintiff's amended wrongful foreclosure claim.

C.    **RESPA Claim**

In its July 28, 2014 decision, the court granted Defendant's motion to dismiss Plaintiff's RESPA claim, stating:

> Defendant contends that Plaintiff fails to state a claim under RESPA. Plaintiff contends that Defendant failed to timely and properly respon[d] to a Qualified Written Request ("QWR").  Defendant responds that under RESPA, servicers only have a duty to respond to QWRs for information relating to the servicing of the loan.  Defendant also argues that the borrower must identify the claimed error or provide a statement of reasons for why the borrower believes there is a problem with the servicing or account.  The court determines that Plaintiff's QWR did relate to the servicing of the loan and that Plaintiff did identify the claimed error.  The problem identified by Defendant, however, is that Plaintiff did not assert actual damages that he suffered as a result of Defendant's failure to respond to the QWR.  Plaintiff states that he "primarily agree[s] with Defendant's general propositions set forth in this section regarding RESPA, excepting, of course, Defendant's conclusion."  Pl.'s Resp. 10.  While the court could assume that the damages caused by Defendant's failure to respond are connected with the damages caused by Defendant's alleged breach of contract and wrongful foreclosure, Plaintiff must clearly state these damages without requiring the court to make an inference.  Accordingly, the court **grants** Defendant's Motion to Dismiss as it relates to Plaintiff's RESPA claim; **however, the court will give Plaintiff the opportunity to file an amended pleading by August 15, 2014.**

*Brackens I*, 2014 WL 3715214, at *4 (original emphasis).

In support of dismissal of Plaintiff's amended RESPA claim, Defendant argues that Plaintiff has once again "failed to assert actual damages he suffered as a direct result of Ocwen's alleged failure to respond to a QWR[.]"  Def.'s Mot. to Dismiss 9.

Again, the court notes that Plaintiff has failed to respond to Defendant's contentions. Because Plaintiff failed to address Defendant's arguments in a response, he has abandoned his RESPA claim.  *See Black*, 461 F.3d at 588 n.1.  Accordingly, the RESPA claim is no longer before the court.  Even assuming Plaintiff had not abandoned this claim, he has failed to cure the deficiencies noted by the court in *Brackens I*.  As Defendant correctly argues, Plaintiff still fails to allege actual damages suffered as a direct result of Defendant's alleged failure to respond to a QWR, and his RESPA claim therefore fails as a matter of law.

In short, as Plaintiff has failed to cure the deficiencies previously noted by the court in *Brackens I*, and for the reasons argued by Defendant, the court grants Defendant's motion to dismiss Plaintiff's amended RESPA claim.

### D.        Plaintiff's Application for Injunctive Relief

In *Brackens I*, the court denied Plaintiff's request for a temporary restraining order and preliminary injunction, finding "that Plaintiff has neither sufficiently briefed nor provided proof to the court of the requisite elements for a temporary restraining order or a preliminary injunction." *Brackens I*, 2014 WL 3715214, at *4.  Because the court is dismissing Plaintiff's remaining claims on the merits, he cannot establish any likelihood of success on the merits.  *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (a court may grant preliminary injunctive relief only where the movant establishes, *inter alia*, that "there is a substantial likelihood that the movant will prevail on the merits[.]") (citation omitted).  Accordingly, Plaintiff's request for injunctive relief is denied.

IV.     Conclusion

For the reasons herein stated, the court **grants** Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's Amended Petition (Doc. 28), and **dismisses** Plaintiff's breach of contract, wrongful foreclosure, and RESPA claims. Further, the court **denies** Plaintiff's Application for Temporary Restraining Order and Temporary Injunction.

Although Plaintiff has not filed a response to the motion to dismiss, and thus has not requested leave to amend his pleadings, the court nevertheless considers *sua sponte* whether it should allow amendment of the pleadings. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

The court has already afforded Plaintiff an opportunity to amend his pleadings to cure pleading deficiencies. *See Brackens I*, 2014 WL 3715214, at *5. In light of Plaintiff's failure to file a response to Defendant's Motion to Dismiss Amended Petition, and given that Plaintiff has already amended his pleadings once and failed to cure pleading deficiencies, the court is not inclined to allow further amendment. Further, the court determines that an amendment to the pleadings at this

stage would unnecessarily delay resolution of this action.  Accordingly, Plaintiff's claims for breach

of contract, wrongful foreclosure, and violations of RESPA are hereby **dismissed with prejudice**.

As required, a final judgment will issue separately pursuant to Federal Rule of Civil

Procedure 58.

**It is so ordered** this 21st day of April, 2015.

Sam A. Lindsay
United States District Judge