IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROLAND BRACKENS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:13-CV-3458-L** |
| § | |
| OCWEN LOAN SERVICING, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Vacate Dismissal (Doc. 31), filed May 4, 2015. By his motion, Plaintiff moves the court to set aside its April 21, 2015 final judgment dismissing his claims with prejudice. *See* Judgment (Doc. 30). For the reasons that follow, the court **denies** Plaintiff's Motion to Vacate Dismissal.

**I.    Background Facts and Procedural History**

Plaintiff Roland Brackens ("Plaintiff"), proceeding pro se, filed this civil action in state court on July 25, 2013, against Ocwen Loan Servicing, LLC ("Defendant"), alleging breach of contract, wrongful foreclosure, and violations of the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff's allegations arose in connection with a Loan Modification Agreement ("LMA") provided by Defendant, which allegedly modified the terms of his existing home loan obligations including terms of the underlying Deed of Trust and promissory note, and allegedly resulted in Defendant overcharging him each month, ultimately leading to foreclosure on his home. Alleging that Defendant breached the LMA and failed to timely respond under RESPA to his Qualified Written Request ("QWR") seeking information regarding servicing of the loan, Plaintiff

sought (1) damages; (2) a temporary injunction enjoining and restraining Defendant from foreclosing, evicting, or removing him from his home; and (3) a permanent injunction. Following removal to this court, Defendant filed a motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On July 28, 2014, the court issued an order granting in part and denying in part Defendant's motion to dismiss. *See Brackens v. Ocwen Loan Servicing, LLC*, 2014 WL 3715214 (N.D. Tex. July 28, 2014). Specifically, the court denied Defendant's motion to dismiss the breach of contract claim, granted Defendant's motion to dismiss Plaintiff's RESPA and wrongful foreclosure claims, and denied Plaintiff's application for a temporary restraining order and preliminary injunctive relief. *See id.*, 2014 WL 3715214, at *5. The court granted Plaintiff leave to amend his pleadings to potentially cure the deficiencies raised by the court with respect to his RESPA and wrongful foreclosure claims, as well as his request for injunctive relief. *See id.* Plaintiff filed his First Amended Petition ("Amended Complaint") on September 10, 2014. (Doc. 27). On September 24, 2014, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 28). Plaintiff did not file a response to the motion.

On April 21, 2015, the court granted Defendant's motion to dismiss the Amended Complaint. *See* Mem. Op. and Order (Doc. 29). Although noting that Plaintiff failed to file a response to the motion to dismiss (which had been pending approximately seven months), the court nevertheless addressed each of Plaintiff's claims on the merits in an eleven-page decision. *See id.* Accepting all well-pleaded allegations as true, the court concluded that Plaintiff had failed to state a claim. *See id.* at 10-11. The court also *sua sponte* considered whether Plaintiff should be given leave to amend for a second time, but concluded that he had already been given leave to amend his pleadings once

**Memorandum Opinion and Order - Page 2**

and had failed to cure the prior pleading deficiencies. *See id.* The court further noted that "an amendment of the pleadings at this stage in the case would unnecessarily delay resolution of this action." *Id.* On April 21, 2015, pursuant to its memorandum opinion and order, the court entered a final judgment dismissing Plaintiff's claims with prejudice. *See* Judgment (Doc. 30).

**II.    Discussion**

Plaintiff now moves the court to vacate its judgment under Federal Rule of Civil Procedure 60(b)(1), stating that his failure to respond to the motion to dismiss was due to "excusable neglect[.]" Pl.'s Mot. to Vacate 1. Plaintiff contends that after he amended his pleadings in September 2014, he was waiting for the court to "answer[.]" *Id.* He further states he was unable to respond to Defendant's motion to dismiss "because Defendant did not notify Plaintiff through First Class mail or Certified mail[.]" *Id.* Plaintiff has submitted an affidavit in support. *See* Affidavit (Doc. 31).

A court may relieve a party from a final judgment, order, or proceeding for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60(b)(6) — a "catch-all" provision — is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citation omitted). "Motions under Rule 60(b) are directed to the sound discretion of the district court, and a district court's denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471 (5th Cir. 1986) (citation and internal punctuation omitted).

The court finds that, even when liberally construed in the light of his pro se status, Plaintiff does not meet the standards of Rule 60(b)(1) or (6). In maintaining that his failure to respond to

Defendant's motion to dismiss was based on excusable neglect under Rule 60(b)(1), Plaintiff states that he was unaware of Defendant's motion to dismiss. The docket sheet reflects that on August 18, 2014, Plaintiff registered with the Clerk's office for electronic case filing (ECF) using the e-mail address rbhrhomes@aol.com. Local Rule 1.1(2)(2) of the Civil Local Rules for the Northern District of Texas provides that pro se litigants are "attorneys" for purposes of the Local Rules. ECF users are responsible for providing e-mail addresses at the time of registration for ECF filing, and for updating those addresses. *See* Local Rule 83.13(b). The docket sheet reflects that Plaintiff was served on September 24, 2014, at 4:20 p.m., with a copy of Defendant's motion to dismiss via the court's ECF system at rbhrhomes@aol.com, the e-mail address that he provided to the court. This is the same e-mail address where he presumably received notice of the court's judgment that he now seeks to set aside. Plaintiff provides no reason why he would not have received a copy of the motion to dismiss when, following his registration as an ECF user on August 18, 2014, he does not contest having received other court notifications via the same e-mail address. Further, even accepting Plaintiff's argument that he was not aware of the motion to dismiss, "the fact that a litigant is personally uninformed as to the state of matters before the court pertaining to his case is not sufficient to constitute excusable neglect warranting relief[.]" *Smith*, 868 F.2d at 1471-72 (citing *Pryor v. United States Postal Service*, 769 F.2d 281 (5th Cir. 1981)). As a party to this lawsuit, Plaintiff has a duty to keep apprised of the progress of this case and his failure to do so is not a sufficient basis to justify relief under Rule 60(b)(1). *See Edward H. Bohlin Co., Inc. v. The Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Accordingly, the court finds and concludes that Plaintiff has not shown that the judgment should be vacated pursuant to Rule 60(b)(1) based on "excusable neglect."

**Memorandum Opinion and Order - Page 4**

The court further finds and concludes that Plaintiff's failure to respond to the motion to dismiss was not the result of "extraordinary circumstances." Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (2007) (citation omitted). Plaintiff argues only that he did not receive the motion, but fails to describe any circumstances, much less extraordinary circumstances, surrounding lack of receipt. Plaintiff also has not stated, and the court does not find, any extraordinary circumstances resulting from the court's entry of judgment in Defendant's favor, especially as Plaintiff was already given an opportunity to amend his pleadings. *See Brackens*, 2014 WL 3715214 at *5; Amended Compl. (Doc. 27). Thus, to the extent Plaintiff's motion can be construed liberally as a motion under Rule 60(b)(6), the court denies the motion.[1]

Finally, the court notes that it entered its dismissal order in favor of Defendant, not as a default judgment, but on the merits of the amended complaint, "accept[ing] all well-pleaded facts in the complaint as true and view[ing] them in the light most favorable to the plaintiff." *See* Mem. Op. and Order 3 (citing *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir.

---

[1] Although Plaintiff did not assert Federal Rule of Civil Procedure 59(e) as a basis for vacating the court's judgment, the court finds and concludes that such an argument would be unavailing. A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). Plaintiff has not presented any argument concerning a manifest error of law or fact or presented newly discovered evidence.

**Memorandum Opinion and Order - Page 5**

2007)).  Thus, Plaintiff's statement that his case was dismissed because of his "noncompliance and abandonment" is untrue.[2]

### III.  Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion to Vacate Dismissal.

**It is so ordered** this 7th day of May, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[2] While the court did note that Plaintiff's lack of response could be deemed an abandonment of his claims, the court assessed each claim on the merits, and cited the theory of abandonment only as an alternative grounds for dismissal.

**Memorandum Opinion and Order - Page 6**